Filed 8/26/21  P. v. Riley CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRITIN AMIEL RILEY,<br><br>    Defendant and Appellant. | D078125<br><br><br>(Super. Ct. No. FVI800042) |


APPEAL from an order of the Superior Court of San Bernardino County, Eric M. Nakata, Judge.  Reversed and remanded with directions.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

In 2010, a jury convicted Britin Amiel Riley of one count of first degree murder (Pen. Code,[1] § 187, subd. (a)); five counts of attempted premeditated murder (§§ 187, subd. (a) and 664); two counts of shooting at an occupied vehicle (§ 246); and one count of street terrorism (§ 186.22, subd. (a)). The jury also found true the allegations that Riley had a strike prior (§ 667, subds. (b)-(i)) and a prison prior (§ 667.5, subd. (b)). The jury deadlocked on the allegation that Riley personally discharged a firearm causing death or great bodily injury (§ 12022.53, subd. (d)). The court sentenced Riley to an indeterminate term of 212 years to life in prison.

Riley appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Riley* (July 26, 2012, D058999) [nonpub. opn.].)

In 2019, Riley file a pro. per. petition for resentencing under section 1170.95. The trial court found the statute unconstitutional and struck the petition. This court reversed and remanded the petition for further proceedings. (*People v. Riley* (Apr. 9, 2020, D076020) [nonpub. opn.].) Thereafter, the trial court denied the petition at the prima facie stage without issuing an order to show cause (OSC). Riley filed a timely notice of appeal.

In his written order denying the petition the trial judge said:

> "The Court has received and reviewed a petition for recall and resentencing, pursuant to Penal Code Section 1170.95. The petition is summarily denied for the following reasons:
>
> "Petitioner filed his petition for Resentencing (Penal Code 1170.95) on February 25, 2019. Petition is pro se accepts [sic] he was convicted of first degree murder under a 'natural and probable consequences theory.' Petitioner is incorrect.

---

[1]    All further statutory references are to the Penal Code.

2

"As the Court of Appeal, Fourth Appellate District, Division One found, 'Riley (Petitioner) became angry . . . . Riley pulled out a gun put it on his lap . . . . [Petitioner] told Rice [Passenger in car] to put her seat all the way back and roll down the window. Rice and Lott [another passenger in the car] were screaming and told [Petitioner] not to do it, but [Petitioner] fired multiple shots into the neighboring car. He [Petitioner] then caught up to the second car and fired shots into that car. One of the bullets hit 15 year old Mylela Ransom in the head, killing her almost instantly.' (Opinion of Court of Appeal, pages 2-3).

"Prosecution did not proceed under a felony murder theory. Petitioner was not an aider and abetter. Petitioner was the killer. Petitioner has failed to state a prima facie case that PC 1170.95 applies and a hearing is unnecessary.

"Petition is denied."

Riley contends and the Attorney General agrees that the trial judge engaged in impermissible factfinding without having issued an OSC and holding an evidentiary hearing as required by statute. After reviewing the record, we concur with Riley and the Attorney General that the trial judge engaged in impermissible factfinding. We will again reverse the trial court and remand with directions to issue an OSC and conduct an evidentiary hearing as required by statute.

## STATEMENT OF FACTS

In our opinion in *People v. Riley*, *supra*, D058999, we set forth a summary of the facts of the offense. We have taken judicial notice of our records in that case so we will repeat the facts here.

"Riley was a member of the Rolling 40s Crips gang. On a night in December 2007, he went to a party with Jerard Mitchem, Tamika Lott, and Cherray Rice. When the party ended, the group, along with others from the party, went to a nearby *ampm* gas station. Mitchem, Lott and Rice went into

3

the *ampm* while Riley stayed in the car. Lott and Rice got into an altercation with two people associated with the Fruit Town Brims, a Blood gang. Mitchem tried to break up the fight. Eventually, Mitchem, Lott and Rice got back into the car. The group, with Riley driving, Rice in the front passenger seat and Mitchem and Lott in the backseat, left the gas station.

"As they were driving, Mitchem, Rice and Lott told Riley about the altercation at the *ampm*. Riley became angry and said, 'Let's get them.' He stopped at another gas station and then eventually headed back to the *ampm* where the altercation took place. By that point, the crowd at the *ampm* had dispersed, but Riley spotted two cars across the street at a Walgreens and said, 'There they go right there.'

"Riley pulled out a gun, put it on his lap and followed the two cars out of the Walgreens parking lot. He sped up until he was alongside one of the cars he was following and told Rice to put her seat all the way back and roll down the window. Rice and Lott were screaming and told Riley not to do it, but Riley fired multiple shots into the neighboring car. He then caught up to the second car and fired shots into that car. One of the bullets hit 15-year-old Mylela Ransom in the head, killing her almost instantly.

"Riley testified on his own behalf. He stated that he saw Rice with a gun earlier in the evening of the shootings, but Rice told him she did not have the gun when she got into his car. Riley testified that he was intending to drive home when he saw two cars approaching. He claimed that he was trying to let the two cars pass when Rice unexpectedly fired shots at the cars."

We again summarized the relevant facts in our opinion in *People v. Riley, supra*, D076020, when we stated:

4

"Riley was a member of the Rolling 40s Crips gang. In 2007, he drove to a convenience store with acquaintances. His acquaintance entered the store while he remained in the vehicle. Two of the acquaintances got into an altercation with persons associated with the Fruit Town Brims, a Blood gang. The acquaintances returned to the vehicle and Riley drove away from the convenience store. However, he later turned the vehicle around and followed two vehicles he believed were transporting the Fruit Town Brims associates. He pulled alongside them and someone in Riley's vehicle fired shots at the other vehicles. One of the bullets struck and killed 15-year-old Mylela Ransom."

DISCUSSION

Section 1170.95, subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

A trial court may review the record of conviction and the materials submitted with the petition. If the readily available facts in the record establish the petitioner is not eligible for relief as a matter of law, the court may deny the petition without an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal. 5th 952; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

5

In conducting the prima facie review of a petition for resentencing, the trial court may not engage in factfinding. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 982.)

The parties to this appeal argue the trial court's denial of the petition was the result of impermissible factfinding. We agree. Riley's role in the murder was disputed. The jury deadlocked on the allegation of personal use of the firearm used in the murder. The trial judge had to find facts and weigh credibility in order to find Riley was the actual killer. Such factfinding must await the issuance of an OSC and a properly conducted evidentiary hearing. Accordingly, the order denying Riley's petition at the prima facie stage of review was improper and must be reversed.

## DISPOSITION

The order denying Riley's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the superior court with directions to issue an OSC and conduct an evidentiary hearing as required by statute. We express no opinion about the outcome of such hearing.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.

6